IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JARED TAYLOR and JANA TAYLOR, Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> FORTIS INSURANCE CO., <br><br> Defendant. | Case No. CV-08-65-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Remand (Docket No. 11) and Plaintiffs' Petition for Attorney's Fees and Costs (Docket No. 12). The Court has determined that the decisional process on these motions would not be significantly aided by oral argument. Therefore, the Court will address the motions without a hearing.

## BACKGROUND

At the time of his automobile accident, Plaintiff Jared Taylor was insured under a Fortis Insurance Company ("Fortis") policy. Magic Valley Paramedics ("Magic Valley") transported Taylor to the hospital, where Dr. David Christensen of Intermountain Spine and Orthopedics ("Intermountain") treated him. Magic

**Memorandum Decision and Order – 1**

Valley charged Taylor $1,786.14 for its services, and Intermountain charged Taylor $16,196.00 for its services. Fortis paid all but $426.00 of the Magic Valley's bill and all but $547.00 of Intermountain's bill. Fortis claimed that these amounts exceeded the customary and reasonable charges for the services. Taylor paid the difference to both Magic Valley and Intermountain. Subsequently, Taylor attempted to have his payments refunded, but Magic Valley and Intermountain claimed that their bills accurately reflected the customary and reasonable charges for their services.

The Taylors filed suit against Fortis, Magic Valley and Intermountain in Idaho state court. In their Complaint, the Taylors assert breach of contract and bad faith claims against Fortis for not paying the entire amount of the Magic Valley and Intermountain bills. The Taylors assert breach of contract and unjust enrichment claims against Magic Valley and Intermountain for charging them more than the customary and reasonable rates for their services.

Fortis filed a motion to sever, and Idaho District Court Judge Bevan entered an order, stating in relevant part as follows:

> . . . good cause exists to sever the claims asserted by Plaintiffs against Defendants Magic Valley Paramedics LLC and Intermountain Spine and Orthopedics, as neither is a proper or indispensable party under Rules 19(a)(1) and 20(a) of the Idaho Rules of Civil Procedure ("I.R.C.P."), as regards Plaintiffs' breach of contract and

**Memorandum Decision and Order – 2**

> bad faith claims against Defendant Fortis Insurance Company; and it further appearing that the interests outlined in Rules 1(a) and 42(b) I.R.C.P. of securing a just, speedy and inexpensive determination of this cause would be served if Plaintiffs were required to proceed separately with their claims against Defendants Magic Valley Paramedics LLC and Intermountain Spine and Orthopedics . . . .

(Williams Aff., Ex. 1). However, at a subsequent hearing, Judge Bevan suggested that technically, joinder was not improper.

Fortis then filed removal papers with this Court. The Taylors subsequently filed their Motion to Remand and Motion for Attorney Fees, which are now before this Court.

## ANALYSIS

### I.     Motion to Remand

A notice of removal shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). If the case stated by the initial pleading is not removable, a defendant may file a notice of removal within thirty days after receipt by the defendant of a copy of an amended pleading,

**Memorandum Decision and Order – 3**

motion, order or other paper from which it may first be ascertained that the case is one which has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action. *Id.*

"Removal jurisdiction is statutory and strictly construed." *Gould v. Mutual Life Ins. Co. Of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Complete diversity must exist at removal when an action is removed based on diversity. *Id.* In determining whether a cause of action is stated, the Ninth Circuit has declared that a court must "'look only to a plaintiff's pleadings to determine removability.'" *Ritchey*, 139 F.3d at 1318 (quoting *Gould*, 790 F.2d at 773)). The Court must determine the "'existence of federal jurisdiction ... solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings.'" *Id.* (quoting *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir.1978)). A corollary to this principle, the so-called voluntary-involuntary rule, requires that a suit remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable. *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978).

However, the court must "go somewhat further" where fraudulent joinder is an issue, for it is clear that fraudulently joined defendants will not defeat removal on diversity grounds. *Id.* "Fraudulent joinder is a term of art. If the plaintiff fails

**Memorandum Decision and Order – 4**

to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

The Fifth Circuit has extended the fraudulent joinder exception to the voluntary-involuntary rule to permit removal where the state court has severed claims against improperly joined resident defendants. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006).  In this regard, the court stated that "[t]he fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or instate defendants who should not be parties.  That statutory purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though, not fraudulently joined." *Id.* at 533.

Although this Court is inclined to agree with the Fifth Circuit's reasoning, the Court is reluctant to apply it to this case at this point because there seems to be some ambiguity in the Idaho State Court's severance decision.  On the one hand, Judge Beven stated that good cause existed to sever the claims because neither Magic Valley nor Intermountain were "proper or indispensable parties under Rules 19(a)(1) and 20(a) of the Idaho Rules of Civil Procedure."  (Williams Aff., Ex. 1).

**Memorandum Decision and Order – 5**

On the other hand, in a subsequent hearing, Judge Beven engaged in a colloquy with counsel about whether the case was actually severed. During that colloquy, counsel for Fortis stated that "obviously if that severance had not occurred that we could not have removed, and we could not have brought up the co-defendant's witness, there would be no diversity." (Smith Aff., Ex. E, p.10). Judge Beven then gave the parties his understanding of the posture of the case:

> THE COURT: In this case, speaking for my own self and the rationale I have, I do not believe there was technically improper joinder here at all; but only as stated by one of you here today, that I severed the claims on the basis of judicial economy and economy for the parties.
>
> I have never separated this case out. I don't believe it's an independent case, nor do I believe that there's in any way two or three separate lawsuits going on here; but rather, that I took the steps I did for expediency and judicial economy.
>
> So I revert back to the Black Letter Law, essentially, that removal is removal; but I recognize there is some question for an argument to be made in the federal court, and so at this juncture, I'm not ruling. I don't think I have authority to rule under the federal statutes as to anything, but I'm making comment that I would believe the entire case is before the court. The district court in the federal system has to make a resolution of Mr. Smith's motion before I can take any action here.
>
> Whether that is in effect a stay order or simply that I'm vacating the summary judgment hearings until we receive word on the motion to remand from federal court, I just don't see that I can take any action until we have

**Memorandum Decision and Order – 6**

guidance from the federal court under the authority that they have jurisdiction at this juncture, and I'm left here to take no action until we know whether the court says it has been removed as to all parties or it hasn't.

If they believe that the *Crockett* case supports the notion that the cases involving the two medical providers are still properly before me, then so be it. I am more than happy to proceed forward.

But until then, I believe that the federal court only has the right to restore jurisdiction to this court; and in my view, the entire case is up before them for that determination.

And I would cite you to a case entitled *Illinois Licensed Beverage Association v. Advanta 8 Leasing* found at 776 Northeast 2d 255 from 2002, which I believe sets forth that until they tell me I have jurisdiction, I don't believe that I do.

So that will be the current state of the case. I'm not issuing a stay order per se.

I am vacating the summary judgment hearings presently set; and what I would ask is for Mr. Smith and Mr. Williams to copy this court with judge's copies – they don't need to be filed in the record – but of your documentation so that I can track where we are and get this matter set for summary judgment just as soon as possible.

I share Miss Parker's difficulty with her client's predicament in this case. I tried to address it as best I could. But now I think under the federal statutes that this case is up to federal court jurisdiction to decide where they're at.

So with that, that's where we will be today. The clerk,

**Memorandum Decision and Order – 7**

> my clerk will make note of that in the minutes; and we
> will reschedule just as soon as we have word that the
> federal court is either telling me I have the right to
> proceed, or they remand the entire case back to this court
> for that, for that basis.

(Smith Aff., Ex. E. pp. 22-25).

Thus, on the one hand, the state court judge stated in his written order that a severance was proper because the non-removing parties were not "proper parties" to the action against Fortis. On the other hand, he suggests that there was no "technically improper joinder." These two statements seem to run directly into each other. If one or more of the defendants in the state court action were not "proper parties" there was an improper joinder and severance was proper. However, if all defendants were "proper parties" joinder was not improper, and the state court should not have severed the cases.[1]

Clearly, this Court cannot hear Plaintiffs' case against all three defendants because, as both parties acknowledge, the presence of Magic Valley and Intermountain destroy diversity jurisdiction. Thus, to answer Judge Beven's question about whether the case against Magic Valley and Intermountain is still

---

[1] Of course, there is a third possibility. The trial court may always, as a matter of administrative convenience, sever the cases for purposes of discovery, pretrial motions, or trial. This may be precisely what Judge Bevan intended to do. However, if a case is severed in this limited way, it seems that the principles enunciated in *Crockett* would not be at issue, and the improper joinder exception to the voluntary-involuntary rule would not apply.

**Memorandum Decision and Order – 8**

properly before the Idaho State Court, the answer is yes. However, that leaves this Court in a bit of a dilemma. If the case has been severed into two separate cases because of improper joinder – one against Fortis and one against Magic Valley and Intermountain – then the Fortis case is properly removable to this Court. However, if the case has not been severed into two separate cases or has been severed for administrative convenience rather than improper joinder, as Judge Bevan seemed to suggest during his colloquy with counsel, then this Court does not have jurisdiction to consider the case against Fortis under *Crockett* or any other line of reasoning.

Federal courts must strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal Jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Here, the only potential route for finding jurisdiction over the Taylors' claims against Fortis requires a finding that Judge Bevan clearly severed the Taylors' claims against Fortis from their claims against Magic Valley and Intermountain, based upon improper joinder. At this point, this Court cannot make that determination. For this reason, the Court must remand the entire case back to state court. It is this Court's hope that the Idaho District Court will then clarify whether it severed the case, and if it did so, on what grounds and to what extent.

**Memorandum Decision and Order – 9**

Depending on the Idaho District Court's clarification, Fortis may then decide to file another notice of removal, which this Court will consider.

## II.     Motion for Attorney Fees

This Court has discretion to require payment of just costs and fees incurred as a result of improper removal.  28 U.S.C. § 1447(c); *see also* *Martin v. Franklin Capital Corp.*, 546 U.S. 132, (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 711.  Given the somewhat ambiguous posture of the state court matter regarding severance, the Court finds that Fortis did not lack an objectively reasonable basis for seeking removal. Accordingly, the Court will deny the Taylors' request for attorney fees.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Remand (Docket No. 11) shall be, and the same is hereby, GRANTED, and that this case be REMANDED to Idaho state court for further proceedings.

**Memorandum Decision and Order – 10**

IT IS FURTHER ORDERED that Plaintiffs' Petition for Attorney's Fees and Costs (Docket No. 12) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that the hearing scheduled for April 23, 2008 is hereby VACATED.



DATED:  **April 17, 2008**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – 11**